IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **ANTHONY D. SANSONE,** | ) | 1:07-cv-00628-LJO WMW HC |
| Petitioner, | ) ) | **ORDER DISMISSING** |
| vs. | ) ) | **PETITION FOR WRIT OF HABEAS CORPUS** |
| | ) ) | |
| **W. J. SULLIVAN, Warden,** | ) ) | |
| Respondent. | ) ) | |
| _____ | ) ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; see, also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). In his petition, Petitioner states that he does not

challenge his criminal conviction.  Rather, Petitioner challenges prison officials' alleged failure to provide adequate clothing in cold weather conditions

      A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) *citing*, Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  Petitioner's allegations, however, do not make such attacks.  Petitioner's claims challenge the conditions of his confinement, not the fact or duration of that confinement.  Thus, his claims are not appropriate for habeas corpus relief.  Challenges to the conditions of confinement are more appropriately raised in civil rights action filed pursuant to 42 U.S.C. § 1983. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Crawford v. Bell, 599 F.2d at 891-92 (9th Cir. 1979).

      Accordingly, the petition for writ of habeas corpus is HEREBY DISMISSED without prejudice to Petitioner's right to bring an appropriate civil rights action.

IT IS SO ORDERED.

**Dated:   June 4, 2007**                    /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE